Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered for damages assessed upon the execution of a writ of enquiry which was awarded on account of the failure of the appellant, who was defendant in the court below, to appear and plead to an action brought against him for speaking slanderous words.
The only points presented for the consideration of this court, grow out of the refusal of that court to set aside the inquest, and award a trial of the cause.
Various causes seem to have been assigned as furnishing proper grounds to set aside the inquest; but as most of them are clearly and palpably insufficient, we have not thought it material specially to notice any but those which involve an enquiry into the qualifications of the jurors, aqd the grounds of surprise suggested in the affidavit of the appellant.
Strictly speaking, none but house keepers are, under the laws of this country, allowed to be jurors, in any case depending in the circuit courts; and as one of those by whom the inquest in question was taken, is shewn not to be a house keeper, it is plain that he might have been excluded from serving on the jury; but as no exceptions were taken to his being sworn, under the act of 1796, (1 Littell, 476,) his *213 not being a house keeper can furnish no cause for setting aside the inquest. _ _
B 18 corthe party opposing a nPW ⅛⅝ ^unte^ev^ dence.
_ _ That act expressly provides, that “no exceptions against “any juror, on account of his estate, shall be allowed after “he is sworn;” and as to be a house keeper necessarily implies the having an estate, whether the jurors were house keepers or not, cannot be material in an application to set aside their verdict.
If, however, as is alledged by the appellant, he was prevented from defending the action, in consequence of a compromise of the difference with the appellee, there cannot be a doubt but the inquest ought to be set aside.
In deciding .therefore on that branch of the appellant’s motion to set aside the inquest, which involves the question of surprise, as it was predicated upon the agreement of compromise, it became material for the court below to be satisfied that such an agreement had produced the failure of the appellant to make defence. And judging from the appellant’s affidavit, and that alone, as he has expressly al-ledged that as the cause of his failing to defend, we would" have no hesitation in awarding a new trial; but taking into consideration all the evidence received by the court below on the appellant’s motion, it is equally clear that the decision of that court ought not to be disturbed: for although an agreement of compromise appears to have been concluded upon between the parties, it is obvious from the evidence, that it was owing to the refusal of the'appellant to perform the stipulations on his part, that the suit was not dismissed, and that he must, have known before the cause was tried, that the appellee intended to prosecute the suit to a final determination.
But it is contended that the court below improperly permitted counter affidavits to be used on the appellant’s motion, and that it ought to have decided exclusively upon the appellant’s affidavit.
Generally speaking, a party certainly cannot be a witness inhis own cause, but from the necessity of the case in applications for new trials, it is not only proper, but accords with the universal practice of the country, to allow the party to detail, upon oath, the facts upon which his application is made.
But although admissible, no reason is perceived why the affidavit of a party should be conclusive; but as the application of the present appellant, though founded upon his *214 own affidavit, was addressed to the sound, legal discjretiop of the court, that discretion was properly exercised, by receiving the opposing evidence of other witnesses, introduced by the appellee.
IJardín for appellant, Bibb for appellee.
The judgment must therefore be affirmed with cost an<| damages.